UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHAD M. SAUVE,

                Plaintiff,

   v.

CITY OF SNOQUALMIE,

                Defendant.

CASE NO. C24-1809JLR

ORDER

Before the court are *pro se* Plaintiff Chad M. Sauve's (1) response to the court's order to show cause why this action should not be dismissed for failure to serve Defendant City of Snoqualmie (OSC (Dkt. # 7); Resp. (Dkt. # 8)), and (2) motion for leave to file an amended complaint (Mot. (Dkt. # 9)).  The court has considered Mr. Sauve's submissions, the relevant portions of the record, and the applicable law.  Being fully advised, the court DIRECTS Mr. Sauve to serve Defendant by **April 9, 2025**, and GRANTS Mr. Sauve's motion to file a first amended complaint.

1

## I.    ANALYSIS

2    The court first addresses Mr. Sauve's response to the court's order to show cause,

3    and then addresses Mr. Sauve's motion for leave to file a first amended complaint.

4    **A.    Order to Show Cause Response**

5    On October 25, 2024, Mr. Sauve initiated this action against Defendant.  Under

6    Federal Rule of Civil Procedure 4(m), the court "must dismiss the action without

7    prejudice . . . or order that service be made within a specified time" "[i]f a defendant is

8    not served within 90 days after the complaint is filed."  Fed. R. Civ. P. 4(m).  However,

9    "if the plaintiff shows good cause for the failure [to effectuate service], the court must

10    extend the time for service for an appropriate period."  *Id.*  "Courts apply a liberal and

11    flexible construction of the service rules, particularly where a pro se plaintiff is

12    involved."  *Clark v. Washington State Dep't of Health*, 735 F. Supp. 3d 1334, 1349

13    (W.D. Wash. 2024).  Accordingly, even absent a showing of good cause, a district court

14    may utilize its "broad" discretion to extend the time for service under Rule 4(m).  *In re*

15    *Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001).

16    In this case, the 90-day period mandated by Rule 4(m) expired on January 23,

17    2025.  Defendant has not been served with process.  (*See generally* Dkt.)  On February

18    19, 2025, the court ordered Mr. Sauve to show cause why this action should not be

19    dismissed without prejudice for his failure to serve Defendant in accordance with Rule

20    4(m).  (*See* OSC.)  Mr. Sauve timely filed a response.  (*See* Resp.)

21    In his response, Mr. Sauve requests an extension of time until April 9, 2025 to

22    serve process on Defendant.  (*Id.* at 1.)  He asserts that he has "faced a cascade of

1    unforeseen and debilitating challenges that thwarted his ability to meet the service

2    deadline[,]" including:  (1) "a sudden and destabilizing employment dispute, culminating

3    in the loss of his job" in late 2024; and (2) his mother's sudden illness necessitating a

4    two-week stay in the intensive care unit in early 2025.  (*Id.*)  Mr. Sauve also states that he

5    has continued to search for counsel to no avail, but that he "stands ready to complete

6    service promptly within the requested extension period."  (*Id.* at 2.)  The court finds that

7    an extension of time to permit Mr. Sauve to serve Defendant is warranted in light of the

8    circumstances.

9    **B.    Motion for Leave to File a First Amended Complaint**

10         Mr. Sauve also seeks leave to file a first amended complaint.  (*See generally* Mot.)

11   Mr. Sauve asserts that the proposed amended complaint "streamlin[es] the factual

12   narrative[,]" "remov[es] tangential public health arguments and focus[es] exclusively on

13   viable claims" under Title VII of the Civil Rights Act of 1964 and the Washington Law

14   Against Discrimination; and "[a]lleg[es] specific instances of unequal treatment and

15   [Defendant's] failure to engage in a meaningful interactive process[.]"  (Mot. at 2-3.)

16         Under Federal Rule of Civil Procedure 15(a)(1)(B), "[a] party may amend its

17   pleading once as a matter of course" within 21 days after service of a responsive

18   pleading.  Fed. R. Civ. P. 15(a)(1)(B).  *See Ramirez v. Cty. of San Bernardino*, 806 F.3d

19   1002, 1007-08 (9th Cir. 2015); *see also Shaver v. Operating Engr's Local 428 Pension*

20   *Trust Fund,* 332 F.3d 1198, 1201 (9th Cir. 2003) (before a responsive pleading was filed

21   the plaintiffs "had an absolute right to amend their complaint").  As stated, Defendant has

22

1    not been served with process in this case, and no responsive pleading has been filed.  (*See*

2    *generally* Dkt.)  Accordingly, Mr. Sauve is authorized to file a first amended complaint.

3                                    **II.    CONCLUSION**

4         For the foregoing reasons, the court GRANTS Mr. Sauve's request for an

5    extension of the deadline to serve Defendant and motion for leave to amend his complaint

6    (Dkt. ## 8, 9).  The court DIRECTS Mr. Sauve to file his first amended complaint on the

7    docket by **March 7, 2025**.  Mr. Sauve is further DIRECTED to serve Defendant with

8    process by **April 9, 2025**.[1]  The court warns Mr. Sauve that failure to properly serve

9    Defendant by this date will result in dismissal of this case without prejudice.

10

11        Dated this 3rd day of March, 2025.

12

13                                    JAMES L. ROBART
                                      United States District Judge

14

15

16

17

18

19

20
_____

21        [1] Mr. Sauve did not file the summons with his complaint.  (*See* Dkt. Entry # 1).  Instead, he filed an electronic proposed summons form on January 28, 2025, as part of his "Affidavit of Mailing of Summons and Complaint to Court Clerk on 1/28/25."  (Aff. (Dkt. # 6).)  The summons has not been issued.  (*See generally* Dkt.)  The court recommends that Mr. Sauve contact the Clerk's Office to identify deficiencies in the proposed summons he submitted, if any.

22