UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHAD M. SAUVE, | CASE NO. C24-1809JLR |
| Plaintiff, | ORDER |
| v. | |
| CITY OF SNOQUALMIE, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the court is Plaintiff Chad Sauvé's motion for leave to file a third amended complaint. (Mot. (Dkt. # 45); Reply (Dkt. # 49); *see* Redlined Prop. 3d Am. Compl. (Dkt. # 45-1).) Defendant City of Snoqualmie ("Snoqualmie") opposes the motion. (Resp. (Dkt. # 47).) Snoqualmie asserts the court should deny Mr. Sauvé's motion for leave to add claims for First Amendment free exercise of religion and substantive due process (together, the "New Claims") because they do not relate back to his existing claims, amendment would prejudice Snoqualmie, and Mr. Sauvé unduly delayed bringing

ORDER - 1

the New Claims. (Resp. at 2-5.) The court has considered the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised, the court GRANTS Mr. Sauvé's motion.

## II. BACKGROUND

The instant action arises out of Snoqualmie's termination of Mr. Sauve's employment in 2021. (Compl. (Dkt. # 1) at 8.) The court set forth much of the factual and procedural background of this matter in its prior orders and does not repeat that background here except as relevant. (7/23/25 Order (Dkt. # 33); 10/3/25 Order (Dkt. # 43)) On July 23, 2025, the court, pursuant to the relation-back doctrine, granted Mr. Sauvé leave to file a second amended complaint to assert only additional claims for First Amendment retaliation, equal protection, and wrongful termination in violation of public policy. (7/23/25 Order at 3-8.) In the second amended complaint Mr. Sauvé asserted additional claims for First Amendment free exercise of religion and substantive due process, which were outside the scope of the limited leave the court granted in its July 23, 2025 order. (*See* 2d Am. Compl. (Dkt. # 37) at 6-10.) Snoqualmie moved to strike the second amended complaint on these grounds. (MTS (Dkt. # 39).) The court granted Snoqualmie's motion to strike and set forth in its order that Mr. Sauvé is permitted to file a motion for leave to amend that complies with Federal Rule of Procedure 15(a). (10/3/25 order at 3.) Mr. Sauvé now moves for leave to file a third amended complaint. (Mot.)

//
//

### III. ANALYSIS

Rule 15(a)(2) provides that, at this stage in the litigation, Mr. Sauvé may amend his complaint "only with [Snoqualmie's] written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave [to amend] when justice so requires[,]" *id.*, unless the proposed amendment to a pleading does not relate back to the date of the original pleading, Fed. R. Civ. P. 15(c). To decide whether to grant leave to amend, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citation omitted); *see Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001) (concluding that a trial court did not abuse its discretion by permitting a party to amend its complaint when such amendment is not futile, untimely, or prejudicial). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The party opposing amendment bears the heavy burden of overcoming this presumption. *New York Life Ins. Co. v. Gunwall*, 675 F. Supp. 3d 1126, 1136 (W.D. Wash. 2023) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

Snoqualmie argues that Mr. Sauvé's motion to amend should be denied because (1) the New Claims are futile because they do not relate back to Mr. Sauvé's existing claims and the statute of limitations on the New Claims ran in October of 2024; (2) amendment would prejudice Snoqualmie because four years have passed since the

New Claims became ripe in October 2021; and (3) Mr. Sauvé unduly delayed bringing the New Claims against Snoqualmie. (Resp. at 2-5.) Snoqualmie does not assert that Mr. Sauvé's seeks leave to amend his complaint in bad faith. (*See generally id.*)

The court concludes that Snoqualmie has not met its burden to overcome the presumption under Rule 15(a) in favor of granting Mr. Sauvé leave to amend. *Eminence Cap.*, 316 F.3d at 1052. First, the court concludes that Mr. Sauvé's New Claims sufficiently relate back to his existing claims and are thus not time barred. Because the claims are not time barred, amendment is not futile. When claims share a "common core of operative facts[,]" relation back is appropriate. *Mayle v. Felix*, 545 U.S. 644, 662 (2005); Fed. R. Civ. P. 15(c)(1)(B) (setting forth that an amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim "that arose of out the conduct, transaction, or occurrence" set out in the original pleading). Here, the New Claims are asserted against the same party and based on the same underlying facts as the existing claims. (*See* First Am. Compl. (Dkt. # 11) ¶¶8-13; *Cf.* Redlined Prop. 3d Am. Compl. ¶¶ 6-24.) Thus, the New Claims and the existing claims share a "common core of operative facts." *Mayle*, 545 U.S. at 662. Consequently, the court finds Mr. Sauvé's New Claims relate back to his existing claims and are thus not futile.

Second, the court concludes that granting leave to amend the complaint would not prejudice Snoqualmie. In the context of a motion for leave to amend, prejudice means "undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (quotation marks and citation omitted). Here, the

ORDER - 4

1  court has not yet entered a scheduling order for this matter so amendment would not
2  require changing existing deadlines or the trial date.  (*See generally* Dkt.)  Further, the
3  New Claims arise from the same time period surrounding Mr. Sauvé's termination in
4  October 2021.  (*See* Redlined Prop. 3d Am. Compl. ¶¶ 18-20.)  Thus, Snoqualmie's
5  purported burden of litigating a case based on facts alleged to have occurred four years
6  prior is no greater if Mr. Sauvé is permitted to amend his complaint.  Therefore, the court
7  concludes amendment would not prejudice Snoqualmie.

8         Finally, the court concludes Mr. Sauvé did not unduly delay in bringing the New
9  Claims against Snoqualmie.  In assessing whether there is undue delay, a court must
10 inquire "whether the moving party knew or should have known the facts and theories
11 raised by an amendment in the original pleading."  *Jackson v. Bank of Hawaii*, 902 F.2d
12 1385, 1388 (9th Cir. 1990).  If a party should have known the relevant facts but waits an
13 unreasonable time to amend, then the delay may be "undue."  *See, e.g.*, *id*. (affirming
14 denial of leave where moving party knew the relevant facts but waited 15 months to
15 amend).  However, "delay alone no matter how lengthy is an insufficient ground for
16 denial of leave to amend."  *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981).
17 For a court to deny leave, there must also be evidence of bad faith or prejudice.  *Id*.
18 (citing *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973)).  Here, Mr. Sauvé
19 filed the instant motion in accordance with the time frame permitted by the court.  (*See*
20 10/3/25 Order at 3.)  Further, because Snoqualmie does not argue bad faith and because
21 the court finds that Snoqualmie is not prejudiced by amendment, the court concludes that
22 a finding of undue delay is not material to the court's decision to grant leave to amend.

*Webb*, 655 F.2d at 980.  Thus, the court concludes Mr. Sauvé did not unduly delay seeking leave to amend his complaint.

For the reasons stated above, the court grants Mr. Sauvé's motion for leave to file a third amended complaint.

## IV. CONCLUSION

For the foregoing reasons, the court grants Mr. Sauvé's motion for leave to file a third amended complaint (Dkt. # 45) and ORDERS Mr. Sauvé to file the third amended complaint by no later than **Friday, December 5, 2025**.

Dated this 21st day of November, 2025.

JAMES L. ROBART
United States District Judge